UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>  )<br>v. )<br>  )<br>(1) FAITH NEWTON )<br>(2) WINNIE WARURU ) | Criminal No. 21-cr-10035-GAO |

**PARTIAL JOINT FINAL STATUS REPORT**

Pursuant to Local Rule 116.5(c), the government and defendant Waruru, through her counsel, hereby file the following final status report prepared in connection with the final status conference scheduled for November 22, 2021. Defendant Newton has not assented to the information provided herein.

(1) <u>Automatic Discovery/Pending Discovery Requests</u>

The government has provided automatic discovery to the defendants, including early law enforcement reports. No discovery requests have been made.

The government has taken the following steps to assist Ms. Newton's counsels' review of discovery:

The government contacted Wyatt's program director last spring to determine whether Wyatt would accept a court-owned laptop loaded with discovery to assist Ms. Newton's review of the materials. [Docket. 49; Transcript of May 27, 2021 Status Conference at 9-11]. In September, the defendant requested that we provide such a laptop to assist Ms. Newton's access to discovery. Since the last status conference, the government and Ms. Newton's counsel have conferred with Mike Andrews who has advised the parties that a court-owned laptop is not available in this case because Ms. Newton has retained counsel. Thereafter, Ms. Newton's counsel provided the government with a laptop on October 18. The government's litigation technology department loaded the laptop with discovery, a discovery index, and the pertinent software. The laptop containing the discovery was delivered to defense counsel on November 3.

With respect to the Axxess cloud materials, it was the government's understanding that all counsel, including Arbor's company counsel, had access to the materials in May when Axxess's Director of Technical Operation emailed all the parties informing them that the database was ready and confirming the list of logins that were requested; the government received access to the database later that day. Shortly before the September status conference, Ms. Newton's counsel notified the government that it had not received login information from Axxess. The government contacted Axxess, and logins were emailed to all the parties on October 13. On November 12, Ms. Newton's counsel asked the government to contact Axxess to reset their login because the link had expired. The government contacted Axxess, and the login was reset on November 15.

In addition, the government participated in a videoconference with Ms. Newton's counsel on November 3. The government provided counsel for Ms. Newton with a list of twenty of Ms. Newton's patients that the government has focused on during its investigation, with the caveat that the list could change, and Ms. Newton could be responsible for fraud committed by other nurses outside of her own patient list. In addition to the videoconference, the government also provided Ms. Newton's counsel with a detailed email summarizing the types of documents they should focus on with respect to those twenty patients, which can be cross-referenced with other materials produced in discovery—such as billing data, patient medical records, and the law enforcement reports that were provided with automatic discovery. The government described what types of documents to look for in the Axxess database, such as patient assessments performed by Ms. Newton, what to look for in those documents, and explained how to search for what the government contends are fraudulent nursing notes. The government has offered to have a further discussion with Ms. Newton's counsel to further assist their review of the discovery.

(2)  Timing of Additional Discovery Requests

Defendant Waruru is reviewing discovery and does not yet know whether discovery requests will be made.

(3)  Protective Orders

The Court entered a protective order in this case on March 1, 2021 [Docket No. 26].

(4)  Pretrial Motions

It is premature to decide whether defendant Waruru will file any pretrial motions under Fed. R. Crim. P. 12(b).

(5)  Expert Discovery

The government agrees to provide any expert witness disclosures 45 days prior to trial. The defendants agree to provide any expert witness disclosures 30 days prior to trial.

(6)  Defenses of Insanity, Public Authority, or Alibi

This case does not involve the defenses of insanity, public authority or alibi.

(7)  Speedy Trial Act

All of the time has been excluded between the defendants' arraignments on February 4, 2021 through the date of the interim status conference scheduled for November 22, 2021. [Docket Nos. 18, 40, 52, 61, 72]

(9)   Status of Plea Discussions and Estimated Length of Trial

The parties have not engaged in any substantive plea discussions. The government anticipates a trial in this case will last approximately fourteen days.

(10)   Final Status Conference

The parties to this status report anticipate asking the Court to schedule a further final status conference 45 days from then, or as soon thereafter as is convenient for the Court. The parties respectfully request that the time between the status conferences be excluded from all Speedy Trial calculations.

Respectfully submitted,

NATHANIEL R. MENDELL
Acting United States Attorney

Date: November 19, 2021   By:   /s/ *Rachel Y. Hemani*
Rachel Y. Hemani
Assistant U.S. Attorney

Date: November 19, 2021   By:   /s/ *S. James Boumil*
Counsel for Winnie Waruru